The lessor of the plaintiff claimed the lands in question, under an article of agreement dated 5th May 1788, executed between him and Sproat one of the defendants (in whom the title was admitted to have been vested) and a possession of the premises delivered to him in pursuance thereof. The defendant, Snodgrass, rested his defence on a parol agreement made early the same day between himself and Sproat, previous to .the article of agreement, and a prior possession of the premises delivered to him in pursuance thereof, on which 73I. 15s. had been tendered to the lessor of the plaintiff to pay off a judgment which he had before obtained against Sproat, and 130I. had been paid to Sproat on his bonds, who had conveyed to him the legal title, by a deed subsequent to the *196 written articles, but oh the same day. The last transaction took place with full notice of the written agreement, to Snod-grass.
Messrs. Ingersoll, Kittera and Montgomery, fro quer.
Messrs. Hartley, C. Smith and Hopkins, fro def.
To prove this prior parol agreement, the depositions of James Uaird and Margaret Jane Uaird were read by the defendants; and to corroborate their testimony, the deposition of John Sproat, jun. was offered to be read, tending to shew the declarations of the defendant Sproat, his father, previous to the execution of the written agreement, that he had actually agreed with the said Snodgrass verbally for the lands, and had put him into possession. This was objected to, and the deposition, so far as it respected this point, was overruled by the chief justice and Shippen justice, because John Sproat, one of the defendants, shall not set up his own previous declarations as a ground for his withholding the possession from the person he contracted *with afterwards: nor shall -* Alexander Snodgrass avail himself of such testimony, but he shall be put to prove his previous contract by witnesses present at the time, or by the circumstances attending the fact. For the defendants was cited Gregory’s lessee v. Setter. Dali. 193.
[¡Qucere, whether the evidence offered should not have been permitted to go to the jury, though under the circumstances of the present case it was of the weakest kind ? Yeates J. gave no public opinion, having been formerly concerned as counsel pro def.~\
It appeared in the event that the plaintiff had laid the demise in his declaration before the title to his possession accrued, and a juror was afterwards withdrawn by consent.